MARY MATTHEWS

*v.*

JANE WHITETHORN.

*Opinion filed February 21, 1906.*

1. APPEALS AND ERRORS—*master's findings are conclusive in absence of objection.* Findings of fact by the master in his report are conclusive of such facts in the absence of any objection to the report, and the decree cannot be reversed on the facts unless the findings, conceding them to be true, are not sufficient to sustain it.

2. PRACTICE—*when refusal to re-refer case is not error.* Refusal to re-refer a case to the master in order to permit a party to enter objections to his report is not error, where the evidence fully supports the findings of the master.

3. SAME—*party's ignorance of procedure not considered in determining whether master gave notice.* If the master gives notice of his findings, and of the time and place for hearing and filing ob-

jections, to a party to the suit, the fact that the party's attorney had withdrawn from the case and that she did not understand that the filing of written objections was necessary cannot be considered under an assignment of error that the master did not give proper notice.

4. SAME—*when it is not error to refuse to re-refer cause on the ground of new evidence.* Refusal to re-refer a cause to the master for newly discovered evidence is not error, where the new evidence is merely cumulative and not such as would have materially affected the result had it been heard and considered.

5. MISTAKE—*mutual mistake does not mean that both parties agree thereto on the hearing.* The rule of law that a mistake in a deed, in order to be susceptible of correction in equity, must be mutual, does not mean that both parties must agree on the hearing that the mistake was made, but that the evidence of mutuality in the mistake should relate to the time of the execution of the instrument, and show that at that time the parties intended to say a certain thing and by mistake of fact expressed another.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. C. H. DONNELLY, Judge, presiding.

GEORGE NATHANIEL REEVES, for plaintiff in error.

V. S. LUMLEY, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendant in error filed a bill in chancery against plaintiff in error, in the circuit court of McHenry county, to correct a mutual mistake in the description of the premises contained in a deed made by the defendant in error and her husband to the plaintiff in error on March 4, 1882. The deed conveyed lot 103, while it should have conveyed certain parts only of lots 103 and 104, according to the averments of the bill. George Matthews, son of the plaintiff in error, and his wife, were also made defendants to the bill, although the evidence fails to show that they have any interest whatever in the matter in litigation. The defendants answered, replication was duly filed, and the cause was referred to a special master to take and report the evidence,

together with his conclusions. The special master made his report, setting forth his findings of fact, which were sufficient to entitle the complainant to the relief prayed for in her bill. No objections or exceptions were filed to the special master's report, either before him or in the circuit court, and on September 28, 1904, the circuit court approved the special master's report and granted the relief prayed for in the bill, by decree signed by the judge and filed with the clerk. On October 17, 1904, being at the same term of court, an order was made that the said decree be not recorded, and that the plaintiff in error have leave to show cause on November 14, 1904, why the order confirming the special master's report should be set aside, why the hearing before the special master should be re-opened, and why the plaintiff in error should be given any further proper relief in the premises. In support of this application the plaintiff in error filed her own affidavit, and the affidavits of her son and the attorney then appearing for her in the cause.

The chancellor denied the motion to vacate the decree and to re-refer the cause to the special master to take further evidence, but ordered the special master to attach to his report the deed and tax receipts hereinafter mentioned, which was done accordingly by a supplemental report, and plaintiff in error presents the record to this court for review.

Five errors have been assigned, the first and fifth of which may be considered together, the first challenging the correctness of the special master's finding that there was a mutual mistake of fact as to the description of the premises in the deed, and the fifth challenging the correctness of the decree in favor of the defendant in error, rendered in accordance with that finding.

Inasmuch as no objections were filed before the special master, his report must be held conclusive as to all findings of fact. (*Gehrke* v. *Gehrke,* 190 Ill. 166; *Cheltenham Improvement Co.* v. *Whitehead,* 128 id. 279.) It is urged,

however, that where an improper decree has been rendered, such decree will be reversed although no objections may have been filed. (*Strang* v. *Allen*, 44 Ill. 428.) But this proposition applies to a case in which the findings of the master, conceding them to be true, do not support the decree, and not to a case in which it is sought to question the correctness of the master's findings under the evidence before him. In the case now under consideration the special master's findings, if correct, abundantly justify the decree.

Again, it is urged that the plaintiff in error was not in fault in not filing objections before the special master or exceptions in the circuit court, and that her objections to the special master's findings, urged for the first time on the motion to re-refer the cause, should be considered here in connection with that motion. We have carefully examined the evidence and have reached the conclusion that the evidence abundantly supports the special master's findings, for which reason the refusal to re-refer the cause for the filing of objections is not error.

The second error assigned is, that the special master made his findings and submitted his report without proper notice to the plaintiff in error.

It appears from the record that an attorney named Robinson filed the answer for the defendants below, but that an attorney named Joslyn appeared for them on the hearing before the special master. Mr. Joslyn offered in evidence, on behalf of plaintiff in error and the other defendants, the deed in question and certain tax receipts, but George Matthews, plaintiff in error's son, refused to leave these papers with the special master and took them away, whereupon Mr. Joslyn withdrew from the case as solicitor for defendants. Afterwards the special master made his findings, stating at the close thereof that objections might be filed on or before ten o'clock A. M. on September 22, 1904, at which time all objections filed would be considered and passed upon. The special master certifies in his report that on September 12,

1904, he mailed a copy of his findings to Mr. Robinson, the attorney of record for plaintiff in error, and on the same day gave notice to plaintiff in error, and other defendants, of his findings and of the time and place when and where objections could be filed and heard. It is not denied in the affidavits that this notice was given, the plaintiff in error stating that she had no attorney after the hearing before the special master but intended to appear before the court in person, and that she had no notice when the report would be brought before the court for confirmation, and that she would have had objections filed if she had understood that the filing of written objections was necessary. It is thus manifest that the special master did give proper notice to the plaintiff in error of his findings and of the time and place when and where objections could be filed. If the plaintiff in error, after receiving this notice, did not know what method to follow to protect herself, the special master is not responsible for that, and such lack of knowledge can not be considered under this assignment of error.

The third assignment is, that the special master erred in stating in his report that the deed and the tax receipts were taken from the record by the defendants.

This matter is wholly immaterial for two reasons: First, because the bill alleged and the answer admitted the making of the deed, and because the payment of the taxes on lot 103 by the plaintiff in error was proved by parol; and second, because the court, upon the hearing of the motion to vacate the decree and re-refer the cause, ordered the special master to attach copies of the deed and tax receipts to his report, which was done without objection on the part of either of the parties.

The fourth assignment of error is, that the court erred in denying the motion to "vacate the master's report" and re-refer the cause for further proceedings.

It has been held that after the evidence has been closed and the arguments have been heard the master in chancery

may refuse to re-open a cause to hear additional evidence which is merely cumulative and not conclusive. (*Oliver* v. *Wilhite,* 201 Ill. 552.) This being true, the motion to re-refer the cause for newly discovered evidence should not have been granted unless there was a showing of additional evidence, such as would have materially affected the result if the same had been heard and considered.

The affidavit of plaintiff in error states certain conclusions from the testimony of the scrivener who drew the deed, and refers to the scrivener's testimony as contained in the special master's report, and makes the same a part of the affidavit. This is certainly not additional evidence and can not be made the basis of a re-reference of the cause. The same is true as to the deed and tax receipts, for reasons hereinbefore stated.

But it is alleged as newly discovered evidence that the defendant in error had filed a verified petition at one time in the county court, while acting as administratrix of her husband's estate, claiming the whole of lot 104 as the property of his estate, and that afterwards she, as such administratrix, had sold the said lot.

The proposed evidence was merely cumulative, for the reason that it already clearly appeared that both parties to the deed were in error as to the number of the lots until a few months before the bill was filed, supposing that the plaintiff in error was occupying lot 103 and that the defendant in error was occupying lot 104, and having no thought that the premises of each embraced parts of both lots, though knowing full well where the possession of each ended and that of the other began. The newly discovered evidence would have served to emphasize this mutual mistake, and would have been consistent with, rather than out of harmony with, the findings of the report.

The allegation in the plaintiff in error's affidavit that she has discovered other material evidence is of no avail in the absence of a statement of the character of that evidence.

In view of the fact that the newly discovered evidence could not have affected the findings, the chancellor did not err in refusing to order a re-reference of the cause.

The rule of law that a mistake like this under consideration, to be susceptible of correction, must be mutual, does not mean that both parties must agree on the hearing that the mistake was in fact made, but that the evidence of mutuality in the mistake should relate to the time of the execution of the instrument, and show that at that particular time the parties intended to say a certain thing and by mistake of fact expressed another.

The decree of the circuit court is affirmed.

*Decree affirmed.*