THE JONES & DOMMERSNAS COMPANY, Appellant, *vs.*
HAMILTON CRARY, Appellee.

*Opinion filed April 23, 1908.*

1. CONTRACTS—*sealed contract, executed as modified by parol, will not be disturbed.* While an executory contract under seal can not be changed or modified by a parol agreement, yet if the contract, as so modified, has been executed the rule does not apply and the contract as executed will not be disturbed.

2. SAME—*president of corporation is presumed to have, authority to act for corporation as to contracts.* In the absence of proof to the contrary it will be presumed that the president of a corporation had authority to represent the corporation in the matter of waiving a sworn report required by a contract between the corporation and a party licensed by the contract to manufacture and sell a patented article.

3. SAME—*the law does not favor forfeitures.* A clear case, appealing to the principles of justice, must be made out before a court of equity will enforce a provision for the forfeiture of a contract.

4. SAME—*when court will not declare forfeiture of a contract.* Forfeiture of a contract between a corporation and an individual, licensing the latter to manufacture and sell a patented article, will not be enforced by a court of equity for failure of the licensee to make sworn quarterly reports, where such provision was designed largely to enforce the payment of royalties, all of which have been paid in advance for the quarter in question, and where the former president of the corporation, who was in office when the royalties were paid, had never required the reports to be sworn to.

5. APPEALS AND ERRORS—*party not excepting to master's finding of fact is bound thereby.* A party who fails to object to a finding of fact by the master in chancery that the opposite party was not indebted to him on a contract is bound thereby and cannot have such finding reviewed by the Supreme Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

This was a bill in equity filed by the Jones & Dommersnas Company against Hamilton Crary to declare a forfeiture of a license to manufacture and sell, under a patent,

"fret or scroll saws," upon the ground that the defendant had failed to make a sworn report to the complainant of the number of such saws sold by him, and the amount received therefor, during the quarter ending January 1, 1904. The bill was subsequently amended so as to charge that the defendant was largely indebted to the complainant for royalty upon saws sold under said license during said quarter. An answer and replication were filed, and the cause was referred to a master to take the proofs and report his conclusions. The master reported that the defendant was not indebted to the complainant on the first day of January, 1904, in any sum for royalties under said license, but that he had failed to make a sworn report of the number of saws, and the amount thereof, he had sold under said license during the quarter ending January 1, 1904, and that by reason of a failure to make such sworn report the complainant was entitled to have the right of the defendant to manufacture and sell said saws under said license forfeited. The superior court, after having overruled exceptions to said report, filed by the defendant, entered a decree forfeiting the defendant's right to manufacture and sell said saws under said license and enjoined the defendant from manufacturing or selling said saws. The defendant appealed to the Appellate Court for the First District, where the decree of the superior court was reversed and the case was remanded to the superior court, with directions to enter a decree dismissing said bill, and the complainant has prosecuted an appeal to this court.

It appears from the evidence that the appellant was the owner of a certain patent; that on December 11, 1901, it made a contract in writing with the appellee, whereby it gave appellee the right to manufacture and sell saws under said patent during the life thereof; that the appellee was (1) to make full and true reports, under oath, on or before the tenth day of January, April, July and October in each year, of all saws sold during the previous quarter; (2) that

appellee was to pay to appellant, as royalty, the sum of six per cent upon the gross sum collected by him on account of such sales each quarter; (3) that for a failure to make reports or payments, as provided in said contract, for a period of thirty days after either of the dates above mentioned, appellant might terminate the license by a written notice to that effect served upon appellee; (4) that appellee, after the first year, was to pay royalty upon six thousand saws, whether he sold that number or not. At the time the contract was executed, John P. Dommersnas and Arthur Jones were the owners of the stock of the appellant, and they continued to own said stock until November 12, 1903. Dommersnas was president and Jones secretary of appellant. During the time prior to November 12, 1903, no sworn reports were made by appellee to the appellant, the quarterly payments of royalty up to that date being made upon statements not sworn to, prepared by appellee and submitted to the appellant; that on the 12th day of November, 1903, the appellee had a settlement with the appellant, through its then president, and paid all royalty then due the appellant, and also paid to the appellant the royalty, in advance, up to January 1, 1904. On November 12, 1903, Dommersnas and Jones sold their stock in the appellant to Arthur James and James A. Donnelly, and resigned, respectively, as president and secretary of the appellant, and James was elected president and Donnelly was elected secretary of the appellant. On December 8, 1903, James, as president of the appellant, wrote the appellee apprising him of the change in the officers of the appellant and asked for a report showing what had been done by the appellee under said license prior to that date. On December 10 the appellee replied, stating that all he could say was that the royalty had been paid to January 1, 1904, and invited the new officers of the appellant to call and see him. About the middle of December, 1903, James and Donnelly called upon the appellee and asked him to make a report on January 1, 1904,

of the business he had done under the license with appellant, and demanded. to be shown his books. The appellee declined to show them his books, and again informed them that all royalty had been paid to January 1, 1904. On February 13, 1904, appellant notified appellee, in writing, that he had violated his contract, and that by reason of his failure to comply with said contract the appellant had elected to terminate said contract.

RANDALL W. BURNS, for appellant.

FRED D. JACKSON, and GEORGE N. B. LOWES, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is first contended that the contract between appellant and appellee being in writing and under seal, it could not be changed or any of its provisions waived by parol. The law is well settled in this State that an executory contract under seal cannot be modified or changed by an agreement not under seal. If, however, a sealed contract, as modified, has been executed, the rule above announced does not apply, and the contract, as executed, will not be disturbed. *Snow* v. *Griesheimer,* 220 Ill. 106.

It is next contended that Dommersnas, the president of the appellant, was without power to waive the provision of the contract with appellee that he should make sworn reports of the business he did quarterly under said license, or to receive royalties upon said contract in advance. The general rule is, a corporation acts through its president and through him executes its contracts and agreements, and in the absence of proof to the contrary he will be presumed to have authority to represent the corporation. *Mitchell* v. *Deeds,* 49 Ill. 416; *Union Mutual Life Ins. Co.* v. *White,* 106 id. 67; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221;

*Domestic Building Ass.* v. *Guadiano,* 195 id. 222; *Traders' Mutual Life Ins. Co.* v. *Johnson,* 200 id. 359.

It is also contended that the evidence shows that the appellee was largely indebted to the appellant January 1, 1904. The master found, as a fact, that the appellee was not indebted to the appellant on that date. The appellant did not except to that finding of fact, and it is bound thereby and cannot have that finding reviewed in this court. *Jewell* v. *Rock River Paper Co.* 101 Ill. 57; *Cheltenham Improvement Co.* v. *Whitehead,* 128 id. 279; *Ennesser* v. *Hudek,* 169 id. 494; *Marble* v. *Thomas,* 178 id. 540.

The only question open for review in this court, therefore, is, was the superior court justified in forfeiting said license on the ground that the appellee had failed to make sworn reports quarterly, in accordance with the terms of said contract? The law does not favor forfeitures. A clear case, appealing to the principles of justice, must therefore be made out before a court of equity will enforce a forfeiture. (*Voris* v. *Renshaw,* 49 Ill. 425; *Palmer* v. *Ford,* 70 id. 369; *King* v. *Radeke,* 175 id. 72.) The former president of the appellant had never enforced the part of the contract requiring that the reports of the appellee be sworn to, and the royalty under the contract had all been paid to January 1, 1904. We think, therefore, that the appellant should not have been permitted, under the circumstances disclosed by this record, to forfeit appellee's license to manufacture and sell the saws mentioned in said contract at the time the bill was filed. The right to forfeit said contract upon thirty days' notice was largely a means provided to enforce the payment of the royalty reserved under said contract, and as there could be nothing due or to report under the contract until April 1, 1904, the notice of forfeiture served on February 13, 1904, was premature.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*