### G. Wilse Tilton, Appellee, v. Fairmount Lodge A. F. & A. M., Appellant.

1. MASTERS IN CHANCERY—*effect of failure to object and except to report.* If neither party objects or excepts to the report of a master, they are concluded thereby so far as his findings of fact are concerned.

2. CHANCERY—*when relief upon ground of mutual mistake not granted.* If an agreement is what it was intended to be, equity will not interfere with it, because the parties have mistaken its legal effect and import.

Bill in equity. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES A. CRAIG, Judge, presiding. Heard in this court at the November term, 1908. Reversed. Opinion filed May 19, 1909.

**Statement by the Court.** In the year 1883 appellee was the owner of a lot in the village of Fairmount upon which there stood a one-story frame building which he was about to repair. The appellant lodge entered into an agreement with appellee whereby a second story was to be constructed upon the building, together with a stairway leading thereto, the cost of the same to be borne by the Lodge, which was to be-

come the owner thereof. The building was thereafter completed and the Lodge paid the actual cost of the additional story and stairway. The question then arose as to what kind of an instrument was necessary to properly protect the interests of the respective parties, and one McAllister, a justice of the peace, was consulted. He advised them that the fee simple title to the second story could only be conveyed to the Lodge through the medium of a ninety-nine year lease. A written instrument in the form of a lease for that term was thereupon prepared and executed, and the Lodge entered into possession and control of the upper story under the same, and thereafter kept the same in repair and insured against fire, until the year 1904, at which time the Lodge, by its officers, for the first time asserted the claim that it was the duty of appellee under the instrument in question as written, to maintain the entire building and keep the same in repair. Upon the refusal of appellee to make certain repairs to the roof and chimney, the same were made and paid for by the Lodge, which then instituted a suit in assumpsit in the Circuit Court, predicated upon the lease, for the recovery of the cost thereof. A demurrer was sustained to the declaration and judgment entered against the plaintiff in bar of the action. Upon an appeal to this court such judgment was reversed and the cause remanded, with directions to the Circuit Court to overrule the demurrer. We there held that a covenant by appellee as lessor to keep the roof and chimneys in repair should be implied from the terms of the lease, which are set out in the opinion then filed. Fairmount Lodge v. Tilton, 122 Ill. App. 636.

Upon a reinstatement of the cause appellee filed the present bill in equity, praying that the instrument in question be corrected and reformed and the further prosecution of the assumpsit suit perpetually enjoined, averring that the said written instrument failed to contain and set forth the true agreement made between the parties; that the true and real

agreement was that appellant was to be the absolute owner of the upper story of said building during the life of the same; that appellee was to be the owner of the lower story and of the real estate, and that under and by virtue of the true agreement entered into between said parties it was the duty of appellant to keep the entire upper story in repair during the life of the building. The bill further recites the institution and prosecution of the assumpsit suit referred to and charges that unless said instrument be reformed and corrected as asked, appellee will recover therein.

The answer denies that any mistake was made, and avers that the instrument expressed the contract as it was finally entered into between the parties; avers that appellee had full knowledge of its contents and had acted upon the same, and had insisted in said assumpsit suit that said instrument was legal, valid and binding and expressed the contract between the parties with reference to the occupation of the premises, and that he is therefore now estopped by laches and neglect from claiming that any mutual mistake existed with reference to the same.

The special master to whom the case was referred heard the evidence and reported as his conclusions that the instrument took the precise form which the parties intended; that both parties intended that the fee to the second story should pass, but that both were mistaken as to the legal effect of the instrument executed; that they supposed that the lease in question being for ninety-nine years amounted in law to a deed, and that such mistake being one of law against which equity can afford no relief, the bill should be dismissed. No objections or exceptions were filed to such report. The chancellor upon the hearing disregarded the recommendation of the master and entered a decree granting the relief prayed by the bill.

REARICK & MEEKS, for appellant.

O. M. JONES and H. M. STEELY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Inasmuch as neither party objected or excepted to the report of the master, they are concluded thereby so far as his findings of fact are concerned. Imp. Co. v. Whitehead, 128 Ill. 279; Matthews v. Whitehorn, 220 Ill. 36; Jones v. Crary, 234 Ill. 26.

As to his conclusions of law no objections or exceptions were necessary to enable them to question the propriety thereof. Gillett v. T. & T. Co., 230 Ill. 373.

The general rule is that a mistake of law, pure and simple, is not adequate ground for relief. 2 Pomeroy's Eq. Jur., sec. 842. If an agreement is what it was intended to be, equity will not interefere with it, because the parties have mistaken its legal effect and import. *Ibid,* sec. 845.

Upon applying the foregoing rule to the facts as found by the special master, by which both parties are concluded, it is apparent that the chancellor erred in not dismissing the bill on the hearing for want of equity. The decree of the Circuit Court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*