George W. Montgomery et al., Appellees, v. Florence Fredonia Kirkpatrick, Appellee, and B. W. Richardson, Appellant.

1. INTERPLEADER—*when propriety of procedure cannot be questioned.* The failure to observe the ordinary procedure where a bill of interpleader is filed and by decreeing that the defendants interplead and dismissing the complainant out of the case with his costs, cannot be com-

plained of by one of the defendants who failed to stand by his demurrer to the bill of interpleader and subsequently made answer, fully setting forth his claims to the fund in controversy.

2. AGENCY—*effect of ratification.* A husband cannot dispute the authority of his wife to act as his agent with respect to a particular transaction where he subsequently recognized her authority.

3. STATUTE OF FRAUDS—*when cannot be invoked.* The Statute of Frauds cannot be invoked to avoid parol contracts which have been carried into execution.

4. CONTRACTS—*when parol evidence competent to affect sealed instrument.* While an executory contract under seal cannot be altered or modified in its terms by a parol agreement, it is notwithstanding competent to show that such contract under seal has been abrogated by an executed parol agreement or that such sealed contract as modified by the parol agreement has been fully executed.

Interpleader. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

C. E. McNEMAR, for appellant.

J. L. STAKER, R. E. VANDEVENTER and HUBBARD, SCHMIEDESKAMP & GROVES, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

On February 11, 1910, George W. Montgomery, together with his co-partners, doing business as the Clayton Exchange Bank, filed their bill of interpleader in the circuit court of Adams county against Florence Fredonia Kirkpatrick, C. Ellsworth Kirkpatrick, M. F. Richardson, B. W. Richardson and John Noirot, praying that said defendants be required to interplead and settle and adjust their respective claims and demands to a fund amounting to $800, then held by complainants, which fund they offered to bring into court to abide the order of the court with reference to its disposition. The defendant, Florence Fredonia Kirkpatrick, filed her answer to said bill wherein she asserted a claim to $410 of the fund held by complainants. General and special demurrers interposed to said bill by B. W. Richardson and John Noirot were overruled by the court, and thereafter the defendant, B. W. Richardson, filed his answer wherein he

asserted a claim to the entire fund. The defendants, M. F. Richardson and John Noirot, also severally answered the bill. The defendant, C. Ellsworth Kirkpatrick, was defaulted. Complainants filed their replication to the answer of the defendant, B. W. Richardson, and upon the issues as thus joined the cause was heard by the chancellor and decree entered. The decree finds that the bill of interpleader was properly filed and requires the defendants to interplead and settle the matters in controversy between themselves. It further finds that said defendants have interpleaded and set up conflicting claims to the fund in controversy, and orders complainants to pay said fund into court and to be dismissed with their costs. The decree further finds that the defendant, Florence Fredonia Kirkpatrick, is entitled to $410 of said fund, and that the defendant, B. W. Richardson, is entitled to $390 of said fund, and the clerk of the court is thereby directed to pay the amount so found to be due to each of said defendants, after deducting from each of their said respective shares one-half of the costs, which costs are so adjudged to be paid by said defendants. To reverse such decree the defendant, B. W. Richardson, prosecutes this appeal.

On May 6, 1904, the appellant entered into a written contract under seal whereby in consideration of the payment to him of $500 to be made as therein provided he agreed to convey to appellee, Florence Fredonia Kirkpatrick, and C. E. Kirkpatrick, her husband, certain property in the village of Clayton, Adams county, Illinois. The contract provides for the payment of the purchase money as follows: For the first year five dollars per month with six per cent interest payable monthly, and the remainder of the principal in annual instalments of not less than $110 with interest payable annually on the whole sum remaining unpaid at the rate of six per cent per annum. The contract further provides that in the event of the failure of the Kirkpatricks to make the payments as therein stipulated said contract should at the option of appellant be forfeited and determined and the Kirkpatricks

should forfeit all payments made by them. The evidence tends to show that subsequent to the making of the contract and up to April 3, 1909, the appellee, Mrs. Kirkpatrick, made numerous payments to appellant to be applied upon the purchase price of the real estate, which payments while not made in conformity with the terms of the contract were accepted by appellant without protest, and that appellant did not then or at any subsequent time elect to exercise his option to declare the contract forfeited and determined; that at or about the time of the transactions here involved the appellee, Mrs. Kirkpatrick, and her husband, C. Ellsworth Kirkpatrick, were living separate and apart and that in view of the relation existing between the parties, Mrs. Kirkpatrick being the sister of appellant's wife, it was considered desirable to avoid the contract in so far as it provided for the conveyance of the property to Mrs. Kirkpatrick and her husband, and to this end it was proposed by appellant and his wife that the property should be sold by appellant and the proceeds divided between appellant and Mrs. Kirkpatrick, the former to receive $390 and the latter to receive $410; that the said proposal was not then accepted by Mrs. Kirkpatrick, and shortly thereafter the wife of appellant went from her home in Peoria to Clayton, for the purpose of visiting her sister, Mrs. Kirkpatrick, and of inducing the latter to accede to the proposal theretofore made, and that upon that occasion the consent of Mrs. Kirkpatrick to such proposal was obtained by the wife of appellant on his behalf; that the wife of appellant interviewed Isaac L. Teachenor, one of the co-partnership doing business as the Clayton Exchange Bank, relative to procuring a purchaser for the property, and that in pursuance of such interview Teachenor, acting for said bank, procured one McMurray to purchase said property for the sum of $850; that appellant conveyed said property to McMurray and the purchase price less $50, which in accordance with the agreement between the parties was retained by it as commission, was by the Clayton Exchange Bank held and credited upon its books to the wife of appellant; that when the deed for the property was sent by appellant to Teachenor

by mail, the latter was directed by letter from appellant to remit the $800 to him; that the day before Teachenor received the money for the property he was notified on behalf of Mrs. Kirkpatrick that she had an interest in the proceeds of the sale of said property and that he (Teachenor) must not pay the same to appellant; that shortly thereafter appellant by his attorney made a personal demand on the Clayton Exchange Bank for the payment to him of $800 which demand was refused; that shortly thereafter appellant drew his check on said bank for $800 payable to his own order and endorsed the same to John Noirot, and upon the refusal of the bank to pay said check, Noirot instituted suit in the circuit court of Peoria county against appellant and the appellees, co-partners doing business as the Clayton Exchange Bank, to recover the amount of said check.

It is urged that as appellant's answer to the bill of interpleader raised the question of the right of the appellees (complainants) to file said bill, proper equity procedure required that the chancellor should have entered a decree requiring the defendants to interplead and dismissing the complainants with their costs before proceeding to a hearing upon the merits of the controversy between the interpleading defendants. Appellant did not abide his demurrer to the bill, and while in his answer to said bill he raised the question of the right of the complainants therein to maintain the same he also fully set forth all his claims relative to the merits of the controversy involved. If the bill was properly filed we do not think appellant can effectually assign error on the failure of the chancellor to adopt the usual equity procedure in the respect indicated.

Appellant's contention that his wife was not his agent, authorized to act for him, relative to the parol agreement with Mrs. Kirkpatrick and the sale of the property in conformity with such agreement, does not merit serious consideration in view of the fact that he recognized her agency in respect to securing a purchaser for said property by executing a deed therefor, and of the further fact that the proposal first made by him to Mrs. Kirkpatrick was finally accepted by

her at the solicitation of her sister, the wife of appellant, who had evidently gone to Clayton for the express purpose of consummating the transaction. Neither is the position assumed by appellant, that the Clayton Exchange Bank had incurred an independent liability to him to account for the entire proceeds of the sale to McMurray, tenable.

The evidence discloses that Teachenor was an old acquaintance of both the wife of appellant and of Mrs. Kirkpatrick and that he had knowledge of the possession and occupancy of the property in Clayton by Mrs. Kirkpatrick under a claim of some right or interest therein, and that upon the occasion when the wife of appellant procured the services of Teachenor, acting for the bank, to sell said property, she told him that Mrs. Kirkpatrick owed appellant $390. As bearing upon the relation of the parties to the transactions involved it is not without significance that when Teachenor received the purchase money for the property he deposited the same to the credit of appellant's wife and not to the credit of appellant.

It is urged on behalf of appellant that as the claim of the appellee, Mrs. Kirkpatrick, is necessarily predicated upon an alleged parol agreement, such claim is repugnant to the Statute of Frauds, and further that evidence to establish such parol agreement was improperly admitted, because it tended to alter and modify a theretofore existing written executory contract under seal. The parol agreement relative to the sale of the property must be held to have been executed, and in such case the Statute of Frauds has no application. The Statute of Frauds cannot be invoked to avoid contracts which have been carried into execution. Pearce v. Pearce, 184 Ill. 289. The Statute of Frauds was not enacted to facilitate the perpetration of and to protect fraud, but to prevent it, and the courts will not permit the statute to be used as an engine of fraud. Union Mutual Life Ins. Co. v. White, 106 Ill. 67; Linkemann v. Knepper, 226 Ill. 473. While an executory contract under seal cannot be altered or modified in its terms by a parol agreement, it is nevertheless competent to show, that such contract under seal has been abrogated

by an executed parol agreement, or that such sealed contract as modified by a parol agreement has been fully executed. Alschuler v. Schiff, 164 Ill. 298; Jones v. Crary, 234 Ill. 26.

The decree of the circuit court finding that the bill of interpleader was properly filed and adjudicating the claims of the interpleading defendants to the fund in question is in substantial consonance with the equities of the case and will be affirmed.

*Affirmed.*