## Mary A. Seery, Plaintiff in Error, v. Catholic Order of Foresters, Defendant in Error.

### Gen. No. 17,796.

1. REFORMATION OF INSTRUMENTS—*benefit certificates.* Complainant beneficiary named in a benefit certificate issued by defendant, a fraternal society, in order to sustain a bill to reform the contract for mutual mistake, must show by clear and satisfactory evidence that the mistake was made by both parties at the time the certificate was issued.

2. FRATERNAL BENEFIT SOCIETIES—*estoppel.* In a suit to reform a certificate of insurance, a mistake of a subordinate officer in collecting assessments does not estop defendant, a fraternal society, from denying there was a mistake by its high court in issuing the certificate.

3. FRATERNAL BENEFIT SOCIETIES—*reformation of certificate.* Where deceased in applying for membership to a fraternal society fills in the amount of insurance as $1,000 and tells the local secretary his insurance is for $2,000, who not having looked at the initiation card accepts assessments on $2,000, and the high court issues the certificate for $1,000, there is not a mutual mistake in issuing the certificate, and a bill by the beneficiary for reformation is properly dismissed.

Error to the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913.

O'BRYAN & MARSHALL, for plaintiff in error; EDW. O'BRYAN, of counsel.

EDMUND S. CUMMINGS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Complainant is the widow of Thomas F. Seery and the beneficiary named in a benefit certificate for $1,000 issued to said Seery by the defendant, a fraternal beneficiary society organized under the lodge or subordinate court plan. Upon the theory that a mutual mistake was made as to the amount of said certificate, the bill was filed praying that the contract of insur-

ance be reformed so that the amount would read $2,000 instead of $1,000, and that defendant be decreed to pay the full $2,000.

Following the regular procedure, it appears that Seery signed a written application for membership, dated June 6, 1907, made out for a benefit of $1,000 by the local medical examiner by whom he was examined; that a report of the examination was forwarded with the application to the high medical examiner for his approval; that the latter approved of such report June 8, 1907, and on the same day signed and forwarded to the subordinate court a card called "the certificate of initiation," by which it was advised that he had approved said medical examination for the amount of $1,000; that Seery was initiated July 3, 1907, and the fact thereof together with the facts of his place of birth and age, and payment of a benefit fee of $2.10 (the amount required for $2,000), were indorsed on said card, which was then returned to the high court, and from which notations were made on the books of the high court that the amount of his insurance was $1,000 and the rate of assessment $1.05; and that thereupon a benefit certificate of insurance for $1,000 was issued and transmitted to the subordinate court. Through negligence or inadvertence the certificate remained there undelivered until Seery's death about five months later.

Seery manifestly intended to apply for a benefit of $2,000, and paid the advance fee and assessment rate ($2.10) for that amount of insurance. This happened because the local recording secretary, instead of consulting the "initiation card" for the amount of Seery's insurance, when he was initiated, acted upon his statement that it was for $2,000. The high court, however, called for and received from the subordinate court assessments against Seery on the basis of $1,000 only.

Assuming that Seery intended to apply for a benefit of $2,000, and that the local medical examiner, by

his mistake and not Seery's, inserted the wrong amount in the application, and that complainant can properly ask for the relief prayed for, yet it was incumbent upon complainant to show by clear and satisfactory evidence that the issuance of the certificate for $1,000 only was the result of a mistake by both parties,—that is, that the mistake was mutual (Emery v. Mohler, 69 Ill. 221; Seeley v. Baldwin, 185 Ill. 211); and the evidence of mutuality in the mistake should relate to the time of its issuance, and show "that at that particular time the parties intended to say a different thing and by mistake of fact expressed another." Matthews v. Whitethorn, 220 Ill. 36.

It appears that the high medical examiner is the officer who passes upon the amount for which a certificate shall issue, and that he may even approve of the application for an amount less than the sum asked for. His approval calls for the exercise of his judgment as a physician upon the medical examination and local examiner's report, and is not controlled by the terms of the application or amount of fees advanced. And the high court is governed solely by his approval in fixing the amount for which the certificate shall issue. Unless, therefore, he made a mistake, the defendant society made none in issuing the certificate. No claim is made that he made a mistake or that there was anything before him to suggest that one had been made by others.

But it is urged that the high court is estopped from denying that it made a mistake; that it was bound to take notice that the applicant had paid a benefit fee for $2,000 insurance before it issued the certificate. Notwithstanding such fact, it was bound to issue to the applicant insurance for only such amount as the high medical examiner had approved. It cannot be said that Seery was induced to take a different course of action to his detriment by reason of anything done by the high court, or for that matter by the subordinate court. He was required to pay more money than nec-

essary but money paid out by mistake is recoverable. He could not claim a right to any greater insurance than the defendant's agents authorized so to act would allow on the face of the papers regularly submitted.

Estoppel is also urged on the ground that the subordinate court continued to receive assessment fees from Seery on the basis of $2,000, and that the relationship of agency existing between the society and its subordinate court makes the acts of the latter in collecting such assessments binding upon it. The case at bar is not analogous to cases cited in support of the proposition. In those cases the society was not permitted to claim exemption from liability to pay a benefit on the ground that a member had violated its rules or by-laws when such violation was with the full knowledge of the subordinate lodge. No such question arises here. The question here is whether a mistake was actually made by the high court in the issuance of the benefit certificate, and it is not precluded from showing the real facts connected with its issuance. To show a mistake on its part, it would have to appear that those called upon to act in issuing it intended to issue it for $2,000 and by mistake of fact made it for $1,000 (Matthews v. Whitethorn, *supra*); but in view of the course of procedure followed, this cannot be said.

Seery himself made the first mistake when he signed his application for a different amount than he intended to apply for. He was bound to know its contents in the absence of any fraud practiced upon him. As a result of his mistake he told the recording secretary that his benefit insurance was $2,000. The secretary, instead of consulting his "initiation card," made a mistake in acting on his statement and collecting from him an advance fee and assessments at the rates for $2,000. But all mistakes of the subordinate officers were made after the official action on the question of the amount of insurance had been regularly taken by the high court, and have no tendency to show that a mistake was made at the particular time of issuing the

benefit certificate. The facts of the case, in our judgment, are not such as call for an application of the doctrine of agency or the doctrine of estoppel, so as to bind the defendant society for any other amount than the certificate called for.

The decree dismissing the the bill for want of equity is affirmed.

*Affirmed.*