Dore Wolkau, Appellee, *vs.* Fred Wolkau, Sr.,
Appellant.

*Opinion filed October 16, 1914.*

Partition—*what does not show that wife's name was inserted
in the deed by mistake.* Testimony by the defendant in a partition
suit brought by his wife that the name of his wife had been in-
serted in the deed as a joint grantee by mistake of the scrivener
cannot be held to establish that fact where his testimony is con-
tradicted by that of his wife and his son, which is corroborated in
several respects by other witnesses and by the circumstances con-
nected with the transaction.

Appeal from the Circuit Court of McLean county; the
Hon. Colostin D. Myers, Judge, presiding.

Hart, Fleming & Pratt, for appellant.

Livingston & Bach, (Sigmund Livingston, of coun-
sel,) for appellee.

Mr. Justice Vickers delivered the opinion of the court:

This is a petition for partition under the statute. Ap-
pellant and appellee are husband and wife. Dore Wolkau
was petitioner below and her husband, Fred Wolkau, Sr.,
was defendant. The partition concerned a store building
located in the city of Bloomington. The court below
granted the partition as prayed for, and the defendant has
brought the record to this court for review.

Appellant filed an answer, in which he alleged that the
deed of conveyance in which appellant and appellee were
designated as grantees contained a mistake, in that appel-
lee's name was inserted in the deed by the scrivener when
the deed should have been made to appellant as sole grantee.
He also alleged that he had been in the exclusive adverse
possession of the property and had received all the rents
therefrom for such length of time as to bar appellee's right
to a partition. Issue was taken upon this answer and a

trial was had before the court, a trial by jury having been waived by agreement of parties. The court found these issues against appellant, and he has assigned error upon these findings. It may well be doubted whether the issue in respect to the alleged mistake in the deed could properly be determined in this proceeding. A petition for partition, under our statute, is a substitute for the common law action of partition and is a proceeding at law and not in equity, and it has often been decided that only legal titles were cognizable in this proceeding, (*Louvalle* v. *Menard*, 1 Gilm. 39,) and that if the parties have equities to be adjusted the proceedings should be by bill in chancery and not by petition under the statute. This question has not, however, been raised by counsel and we do not find it necessary to rest our judgment upon it, since, if it be assumed that the question is properly raised, a consideration of the evidence will necessarily lead to an affirmance of the judgment below.

The evidence in this record shows that appellant and appellee had separated and had not lived together for three or four years prior to the bringing of this action. While they lived together as husband and wife they conducted a grocery store in Bloomington in which they both worked and by their joint efforts accumulated several thousand dollars. The surplus was invested in farm mortgages. Later they moved onto a farm. In 1886 the appellant got into trouble with the tax assessor of his township on account of a failure to list for taxation the notes and mortgages which appellant held. In that year appellant returned $237 as the value of his personal property. The assessor raised his assessment to $3405 and made complaint against appellant, charging him with making false tax schedule and caused the matter to be investigated by the grand jury. While this charge was pending against appellant he assigned the notes which he held to appellee. At the time the notes were assigned to his wife appellant said that he wanted

her to have them and that thereafter the notes should be her property. He showed the notes to his son, Fred Wolkau, Jr., and told him to look at them and the endorsements and to be sure to remember that he was giving these notes to his wife. After having made the assignments of the notes appellant brought his wife to Bloomington in a sleigh for the purpose of having her testify before the grand jury, which she did. Appellant waited across the street while his wife went before the grand jury and testified that the notes and mortgages belonged to her. Appellant was not indicted. At the time the notes were assigned to appellee appellant told her that he would act as her agent in the management of the notes and mortgages. Shortly after the grand jury investigation appellant suggested to appellee that they were liable to have trouble again with the assessor and that it would be advisable to dispose of the notes and buy real estate. This was agreed to and the real estate in question was purchased for something over $17,000, all of which except $6000 was paid with the proceeds arising from the sale of the notes and mortgages which had been assigned to appellee. When the notes were sold they were transferred to the purchaser by the endorsement of appellee and the assignments recited that they were made in consideration of money paid to Dore Wolkau.

When the deed to the real estate involved in this partition was executed it was made to appellant and appellee. Appellant claims that appellee's name was inserted in the deed as grantee through a mistake; that he gave the scrivener his wife's name because it was necessary to execute a purchase money mortgage for the $6000 which was still owing on the property, and that it was not the intention that her name should be otherwise used in the transaction. The only evidence tending to support this theory is the testimony given by appellant himself. He testified in accordance with his claim that the name of his wife was given to the scrivener in order that it might be inserted in the

mortgage, and that he did not know that her name was in the deed as grantee until about two years thereafter, when a suit was brought against him and his wife on one of the purchase money notes. This testimony, standing alone, would not be strong enough to warrant a court of equity in correcting a deed. Appellant's testimony is very much impaired by his cross-examination, which shows that his memory was exceedingly treacherous or he did not desire to frankly state all that he knew about the transactions. His testimony was further discredited by the direct contradictions of several witnesses. But even if appellant's testimony be regarded as fair and candid, still it is clearly overcome by the opposing testimony offered on behalf of appellee. Appellee testifies that the notes were assigned to her by her husband and they were considered as her notes by both of them from that time, and in this she is corroborated by her son and by other witnesses who testified to statements made by appellant. Appellee also testified that when the deed was to be made to the real estate purchased appellant told her that the deed would be made in the names of both of them, and when he came home in the evening after the deed had been executed he told her that the deed had been so made and that that was the proper way to have it made. Appellee's testimony is corroborated in several respects by other witnesses and by the circumstances connected with the transactions. The court could not have done otherwise than have found against appellant under the evidence in this record. Furthermore, if this proceeding were in a court of equity and it appeared that appellant had fraudulently assigned these securities for the purpose of avoiding the payment of his just taxes and he were asking to have the title restored to him his case would not appeal very strongly to a court of equity for relief.

Appellant's claim that he has been in the exclusive adverse possession of the premises sought to be partitioned is not supported by the evidence. There is undisputed evi-

264 — 33

dence that even after appellant and appellee separated he accounted to her for a portion of the rents of the property involved.

None of the errors assigned can be sustained, and the judgment of the circuit court of McLean county is affirmed.

*Judgment affirmed.*