THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE ESTATE OF THIES J. LEFENS, deceased, Appellee.

*Opinion filed October 27, 1915.*

1. APPEALS AND ERRORS—*when the question of competency of a witness is immaterial.* Whether the wife was a competent witness to testify to any or all of the matters to which she testified is immaterial on appeal in an inheritance tax case, where the facts were clearly proved by other competent testimony which is not contradicted.

2. EVIDENCE—*when books of account are competent evidence to prove claim against an estate.* Books of account are competent evidence to prove a claim against an estate in an inheritance tax case, where it is shown that the entries were made under the direction of the deceased; that he had access to the books and frequently examined them; that he was an experienced book-keeper, was familiar with the books and took off a trial balance at the end of each year, figuring the interest himself before he made the balance.

3. SAME—*when objection to testimony of witnesses as to what was shown by books is obviated.* An objection to testimony of witnesses as to what was shown by books of account is obviated by the introduction in evidence of a stipulation as to what was shown by such books.

4. LIMITATIONS—*when the Statute of Limitations does not run in favor of agent.* The Statute of Limitations does not begin to run against the principal and in favor of his general investing agent upon each item as received, and where there is a continuing general agency it cannot be terminated during the life of the parties, so as to set the Statute of Limitations in motion, until an accounting is had or a demand therefor made and refused or there is an express repudiation of the agency.

5. SAME—*when Statute of Limitations does not run as between husband and wife.* Where a wife, by power of attorney, appoints her husband as her agent for the investment and management of her estate, with power to sell and control her property, both real and personal, to the same extent she could, and with the right to re-invest the proceeds, the husband is under obligation to account and pay over when demand is made, but in the absence of any demand or breach the Statute of Limitations does not begin to run as to any of the claims and accounts between them during the continuance of the agency.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

P. J. LUCEY, Attorney General, THOMAS J. YOUNG, and JOHN J. POULTON, for the People.

WINSTON, PAYNE, STRAWN & SHAW, (SILAS H. STRAWN, FREDERICK C. HACK, and JOHN D. BLACK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The only question in this case is whether the claim of Marie C. Lefens against the estate of her husband, amounting to $1,571,697.33, should have been deducted from the amount of the estate in determining the inheritance tax. The county court allowed the deduction and the People have appealed.

The facts are these: Mrs. Lefens was the daughter of Conrad Seipp, who died in January, 1890, leaving a large estate, a part of which was devised to Mrs. Lefens. On February 28, 1890, Mrs. Lefens executed two powers of attorney, constituting her brother, William C. Seipp, and her husband, Thies Jacob Lefens, her attorneys in fact, authorizing them, jointly and severally, among other things, to collect and receipt for all moneys, rents, demands and choses in action due or to become due her; to represent her in the settlement and administration of her father's estate; to collect and receipt for all sums of money or personal property, of every kind, to which she might be entitled under her father's will or under the laws of the State; to invest and re-invest all moneys that might come to their hands for her; to take charge of, care for and manage all of the real estate owned by her, pay all taxes thereon, make all necessary repairs, execute leases, collect and receipt for all rent; to sell such real estate and execute deeds of conveyance therefor; to employ attorneys; to commence and

prosecute suits, and, in general, jointly and severally to do and perform all and every act which she could personally do in regard to all her real and personal property. Thereafter funds came to the hands of William C. Seipp and Thies Jacob Lefens from the estate of Conrad Seipp for Mrs. Lefens which amounted to $275,690.76 on May 1, 1891, when they were transferred to Thies Jacob Lefens alone. From that date to the death of Lefens an account was carried on his books embracing charges against him and credits in favor of Mrs. Lefens of the net income of certain parcels of real estate owned by Mrs. Lefens, the proceeds of sale of her real estate, the interest, dividends and returns from certain property belonging to her contained in another account called "Marie Lefens Inventory Account," and interest for the use by Lefens of the money so received by him.

The inventory account just referred to was an account beginning August 24, 1891, in which Lefens is charged and his wife credited with certain stocks, bonds, notes and mortgages which were in the name of Mrs. Lefens. From that date to the death of Lefens this inventory account was continued, and showed at his death a balance charged against him and in favor of Mrs. Lefens of $626,480.49. Separate accounts were kept also for separate parcels of real estate owned by Mrs. Lefens. Each shows a credit to Lefens for each item of expense concerning the particular parcel of real estate and a charge for the rent or income therefrom, the net proceeds or balance being in each case carried into the general account first described, at the end of each fiscal year. The total balance of the general account to Mrs. Lefens' credit at the time of her husband's death was $2,198,177.82. This included the balance of the inventory account of property standing in Mrs. Lefens' name but charged against her husband, the difference between the two accounts ($1,571,697.33) constituting the claim of Mrs. Lefens in controversy.

The first ground of error insisted upon is, that the court admitted the testimony of Mrs. Lefens as to transactions occurring in her husband's lifetime and as to conversations with and admissions made by him during the marriage. Whether she was competent to testify to all or any of the matters about which she testified is immaterial, for the facts were clearly proved by other competent testimony which was not contradicted and there is really no controversy as to them.

It is next contended that the books of account of Thies Jacob Lefens were not competent evidence to prove the claim against his estate. It is immaterial whether the books were books of original entry or whether such preliminary proof was made as would entitle them to be admitted as evidence in favor of the estate. No attempt was made to use them for any such purpose. It was shown that the entries in these accounts were made under Lefens' direction; that he had access to the books and frequently examined them; that he was an experienced book-keeper, was familiar with the books and took off a trial balance at the end of each year, figuring the interest himself before he made the balance. This was sufficient evidence of his admission of the correctness of the entries made in the account and the book was therefore evidence against him and his estate. (*Bartlett* v. *Board of Education,* 59 Ill. 364; *Butler* v. *Cornell,* 148 id. 276.) Without reference to their being books of account or of original entry, they were competent as admissions by Lefens of the receipt of Mrs. Lefens' funds. Certain witnesses were permitted to testify to what was shown by the books, and it is insisted that this was error. There was a stipulation as to what the books showed, which was admitted in evidence, and obviated any objection to the testimony of these witnesses.

It is finally contended that the claim being for money loaned or advanced, and having accrued more than five years before the death of the decedent and not being evi-

denced by writing, is barred by the Statute of Limitations. The powers of attorney executed by Mrs. Lefens clearly show the conditions under which her property was taken possession of by her husband. By these instruments he was constituted her agent for the investment and management of her estate. He had power to sell and control her property, both real and personal, to the same extent that she could, with the right to re-invest the proceeds. He was under an obligation to account and pay over to her whenever she might demand an accounting or payment, but he was guilty of no breach for which she could bring suit against him until his refusal to account or pay over. As long as the relation of principal and agent existed there was nothing to set the Statute of Limitations in operation as to claims and accounts between them. (*McHarry* v. *Irvin,* 85 Ky. 322; *Shepherd* v. *Shepherd,* 108 Mich. 82; *Lamb* v. *Ward,* 114 N. C. 255; *Patterson* v. *Lilly,* 90 id. 82; *Cole* v. *Baker,* 16 S. D. 1.) Payment was not contemplated until Mrs. Lefens requested it. Her money was placed with her husband as her agent, to invest, sell and re-invest, and there was no intention that each item received should be paid forthwith to her. The Statute of Limitations does not begin to run against the principal and in favor of his general investing agent upon each item as received, and where there is a continuing general agency it cannot be terminated during the life of the parties, so as to set the Statute of Limitations in motion, until an accounting is had or a demand therefor made and refused or there is an express repudiation of the agency. *Teasley* v. *Bradley,* 110 Ga. 497; *Rucker* v. *Maddox,* 114 id. 899; *Kane* v. *Mackellar,* 109 N. Y. 215; *Bacon* v. *Rives,* 106 U. S. 99.

In the case of *Selleck* v. *Selleck,* 107 Ill. 389, Warren W. Selleck had received from his sister $3000 in Cook county bonds and given her a receipt for them, stating "the interest to be used by me while in my possesion, to be de-

livered to her whenever called for." The sister died after some years without having called for the bonds and it was insisted that the right to sue for them was barred by the Statute of Limitations. It was held, however, that the agreement clearly was that there should be no duty to return the bonds until an actual demand should be made, and the permission to retain them having continued until the sister's death, the statute would not bar her estate until the lapse of a sufficient time after her death.

It is argued on behalf of the People that Mrs. Lefens never had any intention of claiming the property but regarded it as her husband's, and this is supposed to be conclusively demonstrated by the fact that she never did claim it or demand an accounting in her husband's lifetime. It is not surprising that a wife should permit her husband to manage her business for more than five years without demanding an accounting. Payments were made to her and for her account, and in view of the confidence which frequently exists in the conjugal relation, a wife not skilled in business ought not to be regarded as negligent who fails to call a husband who is an able business man to a strict financial accounting at least every five years. We have seen that this is not required in the ordinary case between man and man, and no more does the law require it between man and wife. The evidence is that Mrs. Lefens permitted her husband to manage her affairs as long as he lived, and this was naturally to be expected under the circumstances, so long as domestic harmony prevailed.

It is insisted that Mrs. Lefens having presented her claim against the estate for money loaned is bound by her claim as filed and cannot now take a different position. The question is as to the validity of this claim. It has been allowed in the probate court and must be deducted unless shown to have been improperly allowed. The form of the claim is immaterial. It was claimed that the estate owed Mrs. Lefens this amount of money. It may be that

upon objection the claim should have been amended in the probate court. The evidence shows, not a loan of money but a deposit for investment. But the formal defect in the claim does not affect its merits and cannot be taken advantage of in this collateral proceeding. The evidence does not show that the claim is not lawfully due from the estate.

The county court properly allowed the deduction, and its judgment is affirmed. *Judgment affirmed.*