(No. 13466.—Judgment affirmed.)
DORA WOLKAU, Defendant in Error, *vs.* FRED WOLKAU, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. APPEALS AND ERRORS—*order of the Appellate Court for an accounting is not a final order.* An order of the Appellate Court reversing a decree and remanding the cause, with directions to overrule the demurrer to a plea of the Statute of Limitations to a portion of the bill and ordering an accounting, merely determines the liability of the defendant to account and is not a final order such as limits the power of the lower court to allow amendments to the pleadings and to hear new evidence.

2. SAME—*when cause is remanded generally, pleadings may be amended and new evidence introduced.* Where a cause is remanded generally, "for such other and further proceedings as to law and justice shall appertain," the trial court has the same power over the record as it had before its decree was rendered and may permit amendments to pleadings and the introduction of new evidence.

3. LACHES—*mere delay will not bar right of tenant in common to an accounting of rents and profits.* One in possession cannot deprive his co-tenant of his rights in the property or the income therefrom merely because he has been permitted to retain all the income for a number of years and has not been compelled to account regularly, where the co-tenant, who is not in possession, has done no affirmative act indicating that he has no claim to the property nor acquiesced in the other's possession after a demand and a refusal to account for the rents and profits.

4. HUSBAND AND WIFE—*gift is not presumed where husband retains income from property owned in common with his wife—burden of proof.* Where a wife permits her husband to receive the income from her separate property and use it for the support of the family the conditions may be such that a gift will be inferred, but where the property is owned by the husband and wife as tenants in common and the husband receives the income from the entire property he must account to his wife as a co-tenant for the income received, unless he can prove that the wife allowed him to retain her portion of the income as a gift.

5. SAME—*to preserve her rights a wife is not required to demand strict accounting of husband's dealings with her property.* A wife should not be compelled to deal with her husband as she would with a stranger, and, in view of the confidence which it is naturally

expected a wife reposes in her husband, she is not required, in order to preserve her rights, to demand of her husband a strict financial accounting of his dealings with her separate or their common property.

6. ESTOPPEL—*when defendant in suit for accounting is estopped to deny that property was held in trust.* In a suit by a wife against her husband for an accounting of rents and profits of property alleged to have been held in common, though the husband sets up the defense that the wife had conveyed her title to her son he will be estopped to deny that the son held the property in trust for his mother, where, in the defendant's former pleading based on the Statute of Limitations, he has admitted liability for a portion of the time during which the property was held by the son.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

H. M. MURRAY, M. A. BRENNAN, and BARRY & MORRISSEY, for plaintiff in error.

W. W. WHITMORE, and SIGMUND LIVINGSTON, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The parties and the property involved in this litigation were before this court in 1914, (*Wolkau* v. *Wolkau,* 264 Ill. 510,) when we held that the parties were the owners of the property as tenants in common and affirmed a decree granting partition. In that opinion we gave a history of the transactions through which the parties became the owners of the property. The parties are husband and wife, and the real estate involved, business property in the city of Bloomington, Illinois, was conveyed to them as tenants in common March 10, 1888. Plaintiff in error collected the rents from the property and made repairs and improvements and paid a certain mortgage indebtedness and the taxes and special assessments thereon. December 3, 1913,

defendant in error brought an action of account in the circuit court of McLean county for the purpose of recovering her share of the rents. At the November term, 1914, of the circuit court the cause was transferred, on her motion, to the chancery side of said court, and she filed her bill in which she alleged that she was the owner of an undivided one-half of said property; that plaintiff in error had collected all rents on the property since March 10, 1888, and had paid the taxes and maintenance out of the rents; that there had been no settlement or accounting and that she had received none of the rents and that the amount due her was unknown to her. She prayed for a discovery of all the rents received by him and for an accounting and for a decree for the amount found to be due her. Plaintiff in error demurred to so much of the bill as asked for an accounting for the time prior to the period beginning five years before the suit was commenced, on the ground that the bill showed on its face that that part of the claim was barred by the Statute of Limitations. The chancellor sustained the demurrer. Plaintiff in error answered the remainder of the bill, admitting that he had collected the rents and paid the taxes and other expenses during the five-year period and admitted that defendant in error was entitled to the sum of $4759.92. A decree was entered for this amount, with accrued interest. Defendant in error appealed to the Appellate Court for the Third District, and that court held that none of the claim was barred by the Statute of Limitations and that the circuit court had committed error in sustaining the demurrer, and reversed the decree and remanded the cause to the circuit court, "with directions to overrule the demurrer and order an accounting between the parties as prayed for in the bill, from the time the co-tenancy was created to the institution of this suit." (*Wolkau* v. *Wolkau*, 202 Ill. App. 387.) The cause was brought to this court by writ of *certiorari*, and after stating the pleadings and the action of the Appellate Court

this court held that the judgment of the Appellate Court was not a final judgment and dismissed the writ of error. (*Wolkau* v. *Wolkau,* 280 Ill. 298.)   The remanding order of the Appellate Court on the first appeal was "that this cause be remanded to the circuit court for such other and further proceedings as to law and justice shall appertain." The remanding order was filed in the circuit court and the cause re-docketed.   In accordance with the directions of the Appellate Court the chancellor overruled the demurrer, and on motion of defendant in error ruled that plaintiff in error answer the bill.   He filed his answer, admitting that defendant in error was the owner of an undivided one-half of the property and that he had collected the rents and paid the taxes and other expenses, and alleging that he paid a mortgage indebtedness, part of the purchase price of said real estate, amounting, with accrued interest, to $6000, and further alleging that on account of the long period of time over which the receipts and the disbursements extended he had lost many of the vouchers and receipts, and that he had kept no books of account of the receipts and disbursement, of the losses of uncollectible rents and the losses from vacancies that occurred from time to time, and that he was therefore not able to specify or detail information called for by interrogatories in the bill filed by defendant in error, and other matters not particularly important here.   A replication was filed and the matter referred to a master, with directions to take proof and state the account for the entire period from March 10, 1888, to the date of the filing of the bill.   The master reported that plaintiff in error owed defendant in error $18,538.41, with interest from the date the cause was transferred to the chancery side.   Both parties filed exceptions to the master's report.   Before the chancellor disposed of these exceptions plaintiff in error asked leave to file an amended answer and have the cause again referred to the master.   Over the protest of defendant in error the chancellor granted the request and plaintiff

in error filed an amended answer, in which he alleged that from October 3, 1908, to November 1, 1912, the title to the undivided one-half of said property not owned by him was in the name of his son, Fred Wolkau, Jr., and that defendant in error was not entitled to an accounting for any rents collected by plaintiff in error during that time. He further alleged that all the rents collected by him were collected and used by him in his business and for the support of the family with the knowledge and consent of defendant in error and were a gift from her to him, and that defendant in error was barred from recovery by *laches,* long delay and acquiescence. On the re-reference the master heard no further proof but made his second report adhering to his former findings. Both parties filed objections to the master's report. The objections were overruled and the report was filed. On hearing the objections were allowed to stand as exceptions, the exceptions of defendant in error were overruled and a part of those of plaintiff in error was sustained. A decree was entered finding that defendant in error had made a gift to plaintiff in error of all the rents collected by him prior to December 4, 1908, and that her claim for said rents was barred by *laches,* long delay and acquiescence, and further finding that because plaintiff in error had admitted in his original answer that defendant in error was entitled to one-half the rents subsequent to December 4, 1908, he should pay her that amount with interest thereon, and payment thereof was accordingly decreed. Defendant in error prayed and perfected an appeal to the Appellate Court for the Third District, and that court held that its former judgment was a final order with specific directions and that it was the duty of the circuit court to follow those directions, and that the circuit court had no right to re-adjust any part of the former decree, or any part of the pleadings or findings upon which that former decree was based, except in conformity with the specific directions of the Appellate Court. The

Appellate Court reversed the decree of the circuit court and remanded the cause to that court, with directions to overrule all exceptions of plaintiff in error to the master's report and to approve that report, except that it directed that interest be computed from December 3, 1913, the date of bringing the original action. The cause is here by *certiorari* for further review.

The only question before the Appellate Court on the first appeal was whether the chancellor had erred in sustaining the demurrer, which presented the defense of the Statute of Limitations. The Appellate Court held that the demurrer was improperly sustained and remanded the cause, with directions to order an accounting. The order to account only determined the liability to account and was not a final order. (*Quayle* v. *Guild,* 91 Ill. 378.) This court has finally determined that the judgment entered by the Appellate Court on the former appeal was not a final judgment. Both parties accepted our determination of that question without protest, by petition for rehearing or otherwise, and so far as this case is concerned the question is no longer open for review. The remanding order was general, and when the cause was re-docketed plaintiff in error was entitled to a new trial and to amend his pleadings and present any additional defense to the bill he might have. Where a cause is remanded without specific directions the decree of the court below is entirely abrogated and the cause stands in the court below precisely as if no trial had occurred, and the trial court has the same power over the record as it had before its decree was rendered and may permit amendments to pleadings and the introduction of new evidence. (*Chickering* v. *Failes,* 29 Ill. 294; *Rush* v. *Rush,* 170 id. 623; *Henderson* v. *Harness,* 184 id. 520; *Pyatt* v. *Riley,* 265 id. 324.) The chancellor did not err in permitting the amended answer to be filed.

Plaintiff in error contends, first, that defendant in error is barred from recovery because of *laches,* long delay and

acquiescence. The parties to this litigation are tenants in common of the property involved, and plaintiff in error can not urge this defense until he has refused to comply with a demand to account or until he has otherwise repudiated the relationship. The possession of one of two tenants in common is the possession of both, and the one in possession cannot deprive his co-tenant of his rights in the property or the income therefrom because the co-tenant in possession is permitted to retain all the income for a number of years and is not compelled to account regularly. (*Donason* v. *Barbero,* 230 Ill. 138.) Defendant in error has done no affirmative act which would lead plaintiff in error to believe that she did not claim to be the owner of an undivided half of this property. The most that can be said is that she has delayed the assertion of her rights. Mere delay, alone, will not bar her right to an accounting. Plaintiff in error by his answer admitted his liability to account for income received during the five-year period immediately prior to the commencement of the suit. December 2, 1908, a date prior to the five-year period above-mentioned, plaintiff in error gave his wife a check for $45, at the bottom of which was written, "Part of rent, corner of Main and Grove streets," which refers to the property in question. By these acts plaintiff in error recognized that defendant in error was his co-tenant. There is no evidence in the record of a demand for an accounting and of a refusal. There being no refusal to account on demand and no other act of plaintiff in error to apprise defendant in error that he claimed to be entitled to all the income from this property, defendant in error is not barred from asserting her claim because of *laches* or acquiescence.

Plaintiff in error next contends that his wife gave him the income from her half of the property in question and that he is not bound to account to her for any part of the income received by him. Where a wife permits her husband to receive the income from her separate property and

use it for the support of the family the conditions may be such that a gift will be inferred. (*Reed* v. *Reed,* 135 Ill. 482; *Duval* v. *Duval,* 153 id. 49; *Hauk* v. *VanIngen,* 196 id. 20.) But the income involved in this litigation is not income from property owned solely by the wife but is income from property owned by the husband and wife as tenants in common. Plaintiff in error received the income from the property in question as a tenant in common, and as such he must account to his wife as a co-tenant for the income received. (1 Harker's Ill. Stat. p. 118; *Cheney* v. *Ricks,* 187 Ill. 171.) If plaintiff in error claims such income as a gift the burden is on him to establish his claim by evidence. (*Patten* v. *Patten,* 75 Ill. 446; *Tomlinson* v. *Matthews,* 98 id. 178.) Plaintiff in error was a witness before the master in chancery, but he did not testify that his wife had given him the income from her share of this property. In the first answer filed by him he admitted liability to account for the income accruing during the five years last preceding the commencement of the suit, and denied liability for the income accruing prior to that time on the ground that the claim was barred by the Statute of Limitations. Plaintiff in error admits that he and his wife ceased to live together as husband and wife in 1902, and that they finally separated in 1908 and have lived separate and apart from each other since that time. No books of account were kept and there is no proof of any express agreement requiring plaintiff in error to keep an account of receipts and disbursements concerning the common property. It is proper to consider the relations of the parties and their conduct and dealings with regard to the common property in order to determine whether plaintiff in error must account to defendant in error for her share of the income, but it must be borne in mind that the relationship was that of tenants in common as well as that of·husband and wife. Since the enactment of the Married Woman's acts it is indispensable for the judicial mind to become fully

conscious of the change wrought by the statute, and that husband and wife, as respects her separate estate, stand before the law as strangers. (*Tomlinson* v. *Matthews, supra.*) It is the policy of the law to promote peace and harmony in the marital relations, and a wife should not be compelled to deal with her husband as she would with a stranger in order to preserve her rights. In view of the confidence which it is naturally expected a wife reposes in her husband, the wife is not required, in order to preserve her rights, to demand of her husband a strict financial accounting of his dealings with her separate or their common property. (*People* v. *Lefens*, 269 Ill. 472.) There is no direct proof in the record before us of a gift of the income involved from defendant in error to plaintiff in error, and such a gift cannot be inferred from the facts proven.

The contention of plaintiff in error that defendant in error is not entitled to the rents accruing during the period when the legal title to one-half of this property was in Fred Wolkau, Jr., ought not to prevail. Defendant in error urges that Fred Wolkau, Jr., held the property in trust for her and that it was their understanding that she was to have the benefit of the income. In an earlier answer filed by plaintiff in error he stated that such a transfer had been made but admitted that defendant in error was entitled to her half of the rents during the entire period of five years. We do not find it necessary to determine whether this property was held in trust but find it sufficient to say that all parties have so considered it, and that plaintiff in error is now estopped to deny the claim of defendant in error to the income.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*