(No. 24631.— )

BARGE E. LEONARD *et al.* Appellees, *vs.* MERRIT F. LEONARD *et al.*—(A. A. McCLANAHAN *et al.* Appellants.)

*Opinion filed October 13, 1938—Rehearing denied Dec. 7, 1938.*

A. A. McClanahan, and Alice M. McClanahan, (Edward G. Berglund, of counsel,), for appellants.

Seyster & Fearer, for appellees.

Mr. Justice Farthing delivered the opinion of the court:

William Cochran died intestate, August 13, 1855, seized of portions of the 437-acre farm involved in this suit. His heirs have appealed from a decree quieting the title to this land. The farm comprises forty or more parcels which were described in the complaint and which were, for brevity, thereafter referred to as the Leonard farm. The lands are situate in the east half of section twenty (20) and the west half of section twenty-one (21,) both in township forty (40) north, of range one (1) east of the third principal meridian, in Ogle county, Illinois.

Edward Leonard claimed ownership of the entire farm from 1908 until his death January 17, 1921, and either lived on the land or leased it to tenants during that period. He devised the farm to his widow, for life, with remainder to his two sons, Lester D. and Barge E. Leonard. The widow, Anna Eliza Leonard, lived on the farm until her death in 1932. Her sons then entered into possession. The farm had been leased by Mrs. Leonard to Lester who rented his brother's half-interest after their mother died. This suit was filed on March 29, 1937, by the Westins, who are successors in title to Lester D. Leonard's half-interest, and by Barge E. Leonard.

Although they did not raise the point in the circuit court, appellants contend that the complaint was insufficient, because it failed to allege "exclusive" possession of the farm for more than twenty years as proved and as found in the decree. In *D'Wolf* v. *Pratt*, 42 Ill. 198, where the bill failed to allege that an offer to perform had been made, we held that this omission should have been questioned by demurrer and that the objection was made too late on appeal. We said that if it had been raised after the case had gone to trial, it would have been proper to allow complainants to amend their bill instanter. The objection of appellants in the case before us also comes too late. Appellees had alleged twenty years adverse possession and the omission of the word "exclusive" from their complaint should have been questioned by a motion to dismiss.

The appellants insist that since the decree does not in so many words remove, as a cloud, their claim to certain parts of the Leonard farm, which they say they inherited from their ancestor, William Cochran, the suit is one brought solely to establish title and that the circuit court was without jurisdiction. They cite *Harms* v. *Kransz*, 167 Ill. 421, 430. In the case before us the decree found that the appellants had no interest in the land; that their ancestor held the record title to certain parts of the farm, but that Edward Leonard and his widow and heirs had title to all the land by adverse possession. An order expressly declaring the pretended interest of appellants to be a cloud on appellees' title, and the removal of it, was not necessary. The effect of this decree was to quiet title to the whole farm in appellees.

Appellees' exhibits 3 and 3½ were plats. It was not shown who made the first plat but the abstracter who made the second one, and another witness for appellees, testified that these plats were correct, and that they showed all of the lands embraced in the Leonard farm. The boundaries were proved by reference to roads, a creek, etc., and appellees proved more than twenty years' adverse possession with

abundant testimony as to acts of ownership. Appellants objected to the plats and insist that it was error to admit them. They say: "These are merely unsigned, anonymous, free-hand sketches of alleged lands made at an unknown time as an alleged copy of some other unknown alleged unsigned and unrecorded plat, and which do not purport to refer to any monuments, courses, distances, metes and bounds, angles or any other means of determining the location and boundaries of the lands purported to be covered and tinted pink in such alleged plats."

We have held that plats and sketches are admissible in evidence to aid in locating lands or objects testified about, and our holding in *Wahl* v. *Lauberscheimer*, 174 Ill. 338, sustains the chancellor's ruling. These exhibits were admissible in evidence.

In view of the fact that appellees proved twenty years' adverse possession of the entire 437 acres under claim of ownership, it is not necessary to deal with the contention that these plats, taken with deeds in evidence which contain indefinite descriptions, were insufficient to afford the appellees color of title. As to some of the tracts appellees did prove color of title, possession and payment of taxes for seven years, but this is not true as to certain parcels to which the record title stood in William Cochran at his death. However, having proved adverse possession for more than twenty years, appellees did not need the seven years' possession under claim and color of title, coupled with payment of taxes, to sustain this decree.

To constitute possession that is adverse and sufficient to defeat the claim of the holder of the legal title, or that of his heirs, the possession must be hostile in its inception. It must so continue without interruption for twenty years. The possession must be actual, visible and exclusive, acquired and retained under claim of title inconsistent with the title of the owner of record, but it need not be under a claim that is rightful and need not be under a muniment of

title. It is sufficient that the possession was taken by one who claimed the lands as his own and that he held possession for the requisite period with the continual assertion of his ownership. (*Turney* v. *Chamberlain,* 15 Ill. 271; *Illinois Central Railroad Co.* v. *Houghton,* 126 id. 233, 239.) But proof of oral claims is not essential, and it is enough that the claimant prove that he so acted that it showed he claimed the title. No mere words could assert title more satisfactorily than a continued exercise of ownership over the lands for a period of more than twenty years. Using and controlling property as an owner is the ordinary mode of asserting a claim of title and it is the only way a claim of title could be proved to a very large proportion of property. *James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554; *Illinois Central Railroad Co.* v. *Houghton, supra.*

Title may be quieted and clouds may be removed from the title to land acquired by adverse possession. Such an owner may successfully use title acquired by adverse possession in an offensive action. Such a title may be asserted against all the world, including the owner of record. (*Harms* v. *Kransz, supra.*) See also, *Walker* v. *Converse,* 148 Ill. 622.

We cannot extend this opinion to the length it would take to answer specifically every point urged by appellants. The only proof they made was that they were the only heirs of William Cochran. The complaint admitted that as to certain tracts he died holding the record title. The appellees proved that they, Anna Eliza Leonard and Edward Leonard, for more than twenty years held the open, notorious, actual, continuous, exclusive, hostile and adverse possession of the 437-acre farm under claim of ownership. We cannot sustain appellants' contention that Haas, the abstracter, should not have been permitted to testify that he knew that exhibits 3 and 3½ were correct, and that they embraced all the Leonard farm. Neither are they correct in their assertion that the master erred in overruling their

objections to questions asked by counsel for appellees. Their contention that the chancellor erred in refusing to permit them to file a cross-complaint must also be overruled. The cause had been referred to the master, at the time, and neither in the original motion nor the amended motion was it made to appear what the nature of the cross-complaint would be. The reference to the master was not set aside, nor sought to be, when the motion and amended motion were made. Appellants did file an earlier cross-complaint in which they sought partition. They did not obtain leave to file it and do not mention it in their argument. Therefore, any claim they might have to relief under it is waived.

Appellants also complain because two-thirds of the costs were assessed against them. They contested the suit and extended the hearings and the record by objections to testimony and by cross-examination of witnesses. The chancellor committed no abuse of discretion in the assessment of the costs.

For the reasons indicated, the decree of the circuit court is affirmed.

*Decree affirmed.*