MARGARET LUCILLE HANKINS, Plaintiff-Appellee, *v.* PONTOON BEACH AMUSEMENT PARK, INC., Defendant-Appellant.

(No. 74-84;

Fifth District—May 15, 1975.

Schooley and Hartman, of Granite City (William W. Schooley, of counsel), for appellant.

Durr and Durr, of Edwardsville (Wendell Durr, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Madison County in favor of the plaintiff in an action to quiet title.

The complaint alleged that defendant-appellant, Pontoon Beach Amusement Park, Inc., is the owner of record to a certain tract of land known and described as lot 29 in the subdivision of lots 13 and 16 of Pontoon Place, as it appears on the plat thereof recorded in the Recorder's Office of Madison County; that the plaintiff for more than 20 years has

enjoyed actual possession of the above-described real estate, which possession was hostile, actual, visible, exclusive and continuous for the statutory period and under a claim of title inconsistent with that of the possessor of the record title; and that, as a result thereof, plaintiff is the legal owner of the above-described tract of land.

Defendant moved to dismiss the cause of action stating that plaintiff's allegations do not show any claim under color of title. The trial court denied the motion of the defendant, and defendant then filed an answer alleging ownership of lot 29, also denying plaintiff's allegations of adverse possession.

The cause was heard by the court without a jury, at the conclusion of which judgment was rendered for the plaintiff. Prior to judgment, the defendant's motion for a directed verdict was denied. The basis of defendant's appeal is that the plaintiff's claim of ownership was not hostile, and secondly that the possession was not open and notorious.

We reject defendant's contentions and hold that the trial court was correct in determining that the possession asserted by the plaintiff was sufficient to support a claim of title by adverse possession.

The facts of the case indicate that the defendant purchased lots 13 and 16 of Pontoon Place in 1946 by a contract for deed and obtained legal title in 1948. In 1951 lots 13 and 16 were subdivided into lots numbering 17 to 29. A 20-foot gravel road separates lots 17 to 22, which are on the south side of the road, from lots 23 to 29, which are on the north side of the road. The plaintiff negotiated the purchase of lots 18 and 28 from one Ferro in February, 1951, and Ferro was not related to or connected with the defendant or its officers in any manner. The plaintiff received a deed to lots 18 and 28, but was shown lots 17 and 29 by Ferro, and she believed she was obtaining title to lots 17 and 29 by her purchase. In February, 1951, the plaintiff moved into a house which was located on lot 17. The 20-foot gravel road separates lots 17 and 29. Plaintiff testified that she bought lot 17 for taxes in 1972, and she paid 6 years' taxes on lot 29, 4 years being at one time to redeem it.

■■ To support plaintiff's claim of title by adverse possession, the claim must include five elements: It must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under claim of ownership. If the record does not establish all of those conditions plaintiff cannot prevail. *Cagle v. Vatter*, 20 Ill.2d 589, 170 N.E.2d 593.

The evidence indicates that since February, 1951, when plaintiff moved into the house located on lot 17, only the plaintiff and members of her family have maintained lot 29. Her son worked for a person for a year who filled the hole on lot 29 so the children could play on the property. There was a privy on lot 29 maintained by the plaintiff from February,

1951, until 1961. Since February, 1951, plaintiff and her family are the only persons who have mowed the weeds on lot 29, and they also attempted to grow grass and raise a garden. Since 1951, lot 29 has been used for many of the outdoor recreational needs of the family of the plaintiff.

■■ In *Wijas v. Clorfene*, 126 Ill.App.2d 315, 262 N.E.2d 83, an appeal from an action quieting title to a tract of real estate, the defendant-appellant's allegation that the evidence was insufficient to show that the possession of the plaintiff was hostile at its inception was discussed by the court:

> "For possession to be hostile in its inception, no spirit of animosity or hostility is required nor need the adverse claimant be guilty of deliberate or wilful tortious conduct. The essence of such possession is that it be in opposition to the possession of the true owner and not be subordinate thereto."

Thus the court in the *Wijas* case rejected defendant's-appellant's argument that if the adverse claimant believed at the time of inception of his possession that he was the record owner his possession could not be hostile. The very nature of plaintiff's entry and possession of lot 29 is an assertion of her own title and a denial of the title of all others. It matters not that the possessor was mistaken, and that, had she been better informed, she would not have entered on the land. We therefore reject defendant's allegation that the claim of ownership asserted by the plaintiff is insufficient to support hostile adverse possession.

■■ Most of the cases discussing title by adverse possession maintain that the extent or degree of dominion or control required is largely determined by the nature of the property. (*Wijas v. Clorfene.*) From the evidence and testimony produced in the trial court, it was clearly shown that all five elements necessary for adverse possession to constitute a bar to the assertion of a legal title by the owner were present in plaintiff's case. Our review of the record amply supports the trial court's determination that the possession asserted by the plaintiff was sufficient to support the claim of title by adverse possession. Accordingly, the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

JONES, P. J., and KARNS, J., concur.