A. RUDGEAR *et al.*

*v.*

THE UNITED STATES LEATHER COMPANY *et al.*

*Opinion filed December 16, 1903.*

1. NEW TRIAL—*when motion to re-open case is properly overruled.* A motion to re-open a case and permit the defendant to make his defense is properly overruled where the facts set up in his affidavit are not conclusive, being contradicted by the evidence in the case, and where he neglected to make such defense though having ample notice of the hearing.

2. EVIDENCE—*when not error to admit copies of checks in evidence.* It is not error to admit copies of checks in evidence against the defendant in a creditor's bill proceeding where the originals were destroyed by fire while in the defendant's possession, he having ignored notice to produce them before their destruction, and where it is not claimed that such copies were incorrect.

*Rudgear* v. *United States Leather Co.* 108 Ill. App. 227, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

W. A. Sheridan, for appellants.

Ashcraft & Ashcraft, (E. M. Ashcraft, of counsel,) for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

In July, 1898, the appellees, the United States Leather Company, a corporation, and Kullman, Salz & Co., also a corporation, each obtained a judgment against the Columbian Leather Company, a corporation of this State, —the former for the sum of $1660.47 and the latter for $117.88. Executions were issued upon each of said judgments and returned "no property found." On April 14, 1899, said first named corporations filed their creditor's bill in the superior court of Cook county against the appellants, A. Rudgear, Eleanor Turnes and Celeste K. Haskins and others.

The facts in the case are as follows: In 1896 the Columbian Leather Company was organized as a corporation under the laws of this State, with a capital stock of $25,000, and on May 23, 1898, William Kurzenknabe became the owner of all of the stock of said corporation, but on that date assigned the same to his two daughters, Eleanor Kurzenknabe (now Eleanor Turnes) and Celeste Kurzenknabe, (now Celeste Haskins,) two of the appellants herein. On the date of said assignment said William Kurzenknabe died, and immediately his two daughters entered into possession of all the property of said corporation, and an inventory was taken, showing assets of the firm amounting to $17,574.40 and liabilities of $9057.43. Almost immediately after the death of the said William Kurzenknabe the creditors of said corporation began to insist upon the payment of their claims, and on May 25, 1898, a meeting of the said creditors was held, at which Eleanor Turnes and Celeste Haskins, the stockholders, and who had in the meantime been elected as officers of said corporation, were present. At that meet-

ing it was agreed by all parties that the affairs of the corporation should be wound up, and a man by the name of DeBoer, who had been a trusted employee of the corporation during its existence, was selected to assist in winding up its affairs and to countersign all checks issued in the process of closing up its business.   Shortly after this meeting of creditors, officers and stockholders, the other appellant herein, A. Rudgear, an uncle of the said Celeste Haskins and Eleanor Turnes, arrived in Chicago from his home in California, and from the date of his arrival seems to have been the moving spirit in managing the affairs of the corporation and the control of his nieces.   A dispute soon arose between him and the book-keeper, DeBoer, resulting in the latter's discharge.

On June 14, 1898, the said Eleanor was married to one Turnes, and on the same date the check of the company for the sum of $1603.67 was drawn upon the First National Bank of Chicago by her, as Eleanor Turnes, and her sister, Celeste Haskins, payable to the said A. Rudgear, and by him endorsed and the money paid by the said bank.   Just who received the money on that check is one of the disputed facts in this suit.   On the same date another check of the company was signed by both of said sisters and drawn on the same bank, for the sum of $4635.09, payable to "currency," which was endorsed by the two sisters and the money paid to Celeste Haskins.   Both of these checks were paid out of funds belonging to said Columbian Leather Company, and on the next day the said A. Rudgear and Celeste Haskins departed for California, taking with them in currency about $6000 of the money so drawn.   Shortly after their departure the books and all of the papers of the corporation were shipped to California and stored in the factory of the appellant Rudgear.

Immediately upon the filing of this bill the superior court, on May 17, 1899, appointed the Chicago Title and Trust Company as receiver of the corporation, the said

Columbian Leather Company, and ordered that all of the assets of said corporation be turned over to it. To the bill the appellants filed their answer, and the cause was referred to the master to take the evidence and report the same, together with his conclusions of law and fact. The hearing was set for December 12, 1899, and on November 27 a notice was mailed to the appellants A. Rudgear and Celeste Haskins, in California, notifying them to appear before the master on the date of taking said evidence and produce all of the books and papers of said corporation. On the date of the hearing they failed to appear and also failed to produce said books. The hearing was postponed until January 3, 1900, when the evidence was taken, said appellants Rudgear and Haskins not appearing and without their having produced said books, they also having failed and neglected to turn over to the receiver the assets of the corporation in their hands. On February 17, 1900, a *dedimus* was issued to take their depositions. The taking of such depositions was postponed from day to day until November 21, 1900, when that of Celeste Haskins was taken, but between the issuing of said *dedimus* and the taking of her deposition the books and all the papers of said corporation stored in appellant Rudgear's warehouse, in California, were entirely destroyed by fire.

On May 22, 1901, the master prepared his report and sent a copy to appellants Rudgear and Haskins, in California, and on June 17, 1901, Rudgear filed his application, supported by affidavit, to have the cause re-opened, in order that he might give his evidence concerning the money alleged to have been received by him, which application the master denied. Objections were filed to the master's report and overruled by him, and the objections stood as exceptions before the court, which were also overruled by the chancellor, and a decree entered in accordance with the findings and report of the master. The decree found that the defendants, Rudgear, Turnes

and Haskins, took and appropriated to their own use, assets of the Columbian Leather Company exceeding the value of $1600, and that they were indebted to said company therefor, with interest at the rate of five per cent per annum from the 13th day of July, 1898, and ordered that they pay that amount to the Chicago Title and Trust Company, receiver for the corporation, for the benefit of the complainants, and that they pay the costs of the suit. From this decree the appellants prosecuted their writ of error to the Appellate Court for the First District, and the branch of that court affirmed the decree of the superior court, from which judgment of affirmance this appeal is prosecuted.

On the merits of the case the decision below is manifestly right,—in fact, more favorable to the appellants than they could reasonably ask. The evidence shows, beyond controversy, that Rudgear and Celeste Haskins took from the First National Bank of Chicago more than $6000 of the company's money, and carried it, in currency, to the State of California, and thereafter wholly failed to render any account therefor. The grounds upon which a reversal is here urged are technical, rather than substantial. In his affidavit in support of the petition to have the case re-opened, Rudgear swears that the check for $1603.47 made to his order by the company was drawn by mistake, and that he endorsed it and returned it to the president of the company. He does not, however, pretend to explain what was done with the money. He also based that petition upon the alleged ground that he did not receive notice of the taking of the testimony before the master, and seems to think that because the complainants did not seek to take his testimony at the time the deposition of Celeste Haskins was taken, at which he was present, he was excused from taking any steps to testify in his own behalf. He was a defendant to the action and filed his answer to the bill which charged him and his co-defendants with fraudulently re-

cieving moneys belonging to the corporation, for the purpose of hindering and delaying its creditors. Certainly the law imposed upon him the duty of exercising some diligence in looking after his own defense to that charge. It further appears that notice had been sent him to produce the books and papers belonging to the corporation, service of which he had accepted before their destruction, but so far as appears he made no effort to produce them before the master or excuse himself from so doing. We think the court was clearly justified, on his own showing, in refusing to re-open the case and permit him to make a defense which he had wholly neglected and failed to present prior to the report of the master finding him liable. We are also convinced that if he had been permitted to testify to all the facts set up in his affidavit they would by no means have been conclusive in his favor, being abundantly contradicted by the evidence in the case, and for that reason his motion to re-open the case was properly overruled. *Oliver* v. *Wilhite*, 201 Ill. 552.

It is next insisted that error was committed in receiving in evidence copies of the checks upon which the company's money was drawn out of the bank. It is not pretended that the copies introduced were not true copies of the originals, and the evidence shows that the originals were destroyed by fire while in the custody and control of the defendants, and notice to produce them before their destruction had been ignored. Under these circumstances the copies were the best remaining evidence of the execution and contents of the originals, and were clearly competent. The errors assigned by appellants are without merit.

Appellees have assigned cross-error on the refusal of the court below to hold the defendants liable upon unpaid stock. The evidence was insufficient to authorize such a decree.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*