**STATE, Plaintiff-Appellee, v. SELLERS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2104.   Decided January 31, 1952.

Mathias H. Heck, Pros. Atty., Fred M. Kerr, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Gertrude A. Bucher, Dayton, for defendant-appellant.

**OPINION**

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury finding the defendant guilty of armed robbery and sentencing him to an indeterminate term in the Ohio State Penitentiary of from ten to twenty-five years. The errors assigned are:

First: Said judgment is contrary to law.

Second: Said judgment is against the manifest weight of evidence.

Third: For all other errors apparent upon the face of the record.

Fourth: For error in the admission and exclusion of evidence.

Fifth: For error in instructions by the Court to the jury.

Sixth: Prejudicial statements by prosecuting attorney in the presence of the jury.

We have examined the entire record and find nothing therein which tends to sustain the appellant's contention that the judgment is contrary to law. It is urged that the Court erred in permitting an alleged confession to be submitted to the jury when it was claimed that the same was made under duress and intimidation; that the Court failed to hear testimony on this question in the absence of the jury before permitting the same to be offered. But the record reveals that counsel for the defendant agreed that the same might be offered and let the jury determine whether or not the same was voluntary or involuntary under proper instructions of the Court. See pp. 76 and 125 of the record. Then at page 130 of the record the Court properly instructed the jury with reference to the law applicable to the confession, saying:

"THE COURT: The Court has permitted the State to introduce in evidence written stenographic notes marked State's Exhibit 'D', consisting of questions put to the defendant by two Dayton detectives, and the defendant's purported answers thereto, together with oral declarations allegedly made by defendant to two Dayton detectives. Defendant, through counsel, has objected to the introduction of the written stenographic notes and the alleged oral declarations and admissions, on the grounds that such statements and admissions were obtained from the defendant by coercion through the

use of duress, and were therefore involuntary. The State, on the contrary, claims that the defendant made such statements and declarations voluntarily and of his own free will. It will be your duty to determine from all the evidence bearing upon the alleged statements and declarations made by defendant, first, whether or not defendant made such statements and declarations, or any part thereof; and second, if you find defendant did make such statements, or any part thereof, you should determine whether or not they or a portion thereof were made by him voluntarily and of his own free will, free from any influence of force or duress. You will decide these questions from all the evidence in the case. Should you find from all the evidence that the defendant did not make such statements or declarations or admissions, or that if he made them he did not make them voluntarily and of his own free will, you will, in that event, disregard them entirely, and not consider them further. On the other hand, should you find that defendant did make such statements, declarations and admissions, or a portion thereof, and further find that he made them or a portion thereof voluntarily and of his own free will, you will then consider them as evidence and give them such weight as you find they are entitled to, after a consideration of all the evidence in the case.

"The State, having offered these statements or admissions, must prove that they were made by the defendant, but the burden of proving that a particular statement or admission was obtained by force or threats or duress is upon the defendant, which burden must be sustained by a preponderance or a greater weight of all the evidence in the case. You may proceed."

Again, in its general charge the Court charged fully upon the question of admissibility of alleged confession in evidence and the burden of proof necessary to sustain same. It is our conclusion that the alleged confession was properly submitted to the jury. The judgment is not against the manifest weight of the evidence, as we find that the State offered evidence tending to establish all the elements necessary to constitute the offense of armed robbery. It is quite true there was a conflict in the testimony, but when there is credible evidence tending to establish the guilt of the accused a judgment will not be reversed solely because of such conflict. It will not be reversed because of insufficient evidence unless the verdict and judgment are clearly and manifestly contrary to the same. **Breese v. State, 12 Oh St 146; Scaccuto v. State, 118 Oh St 397.**

We find no prejudicial error in the admission or exclusion of evidence nor in the instructions of the Court to the jury.

The case was well tried and the defendant received all the benefits to which he was entitled under the Constitution and the laws of this State. Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.