(No. 32706.—

HENRY HAUER, doing business as Suburban By-Products Company, Appellant, *vs.* VAN STRAATEN CHEMICAL COMPANY *et al.,* Appellees.

*Opinion filed May 20, 1953.*

THOMAS P. O'MALLEY, of Aurora, for appellant.

WILLIAM C. O'BRIEN, of Aurora, (WILSON D. BUR-
NELL, DONALD L. PUCKETT, and JOSEPH H. BARNETT, of
counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

On December 31, 1949, Henry Hauer brought suit in
the circuit court of Kane County, seeking to quiet title to
a strip of land twenty-one feet in width along the north,
and within the boundaries, of property to which he holds
record title. The principal defendant, Herbert Van Straaten,
holds record title to property adjoining the strip in ques-
tion on the north thereof. Defendants filed an answer
and a counterclaim asserting ownership of the strip of
land in Van Straaten by adverse possession. The cause
was referred to a master, who subsequently filed his report
finding the issues in favor of defendants. Objections to

the report were overruled, and a decree was entered adjudging Van Straaten to be the owner of the property free and clear of any right, title, or interest of the plaintiff. The latter appeals directly to this court, on the ground that a freehold is involved.

Plaintiff complains, first, that the court erred in overruling his motion to vacate the master's report, and for a re-reference of the cause for the taking of additional evidence. In his sworn motion he states, as paragraph 1, "That notice of the hearing before the Master in Chancery was duly served but was never received by Emmerson C. Whitney, the attorney for Plaintiff at that time, due to the fact that said Attorney was in the process of dissolving his partnership and upon information and belief the said dissolution was caused by some serious disagreement between the partners and through oversight or otherwise the said notice was never in fact transmitted to said Emmerson C. Whitney until after the hearing date set forth in said notice had gone by." As paragraph 2 he avers "That because of the foregoing facts the plaintiff was never heard nor was any evidence offered on his behalf; that the entire findings of the Master in Chancery were based only on the evidence offered on behalf of defendant counter-claimants." And for paragraph 3 he concludes "That equity requires the vacating of said Master's Report and a rereference to said Master for further hearing."

It appears from the record that the cause was first referred to the master on September 11, 1950, and that plaintiff made no effort thereafter to prosecute it. Defendants finally caused it to be set for hearing before the master on July 26, 1951, and notice thereof was duly served. Plaintiff failed to appear on that date, and only the defendants produced evidence. On August 8, 1951, after notice that the master would file his report on that day, plaintiff appeared and asked that the hearings be reopened to enable

him to produce evidence. As excuse for his failure to appear for the hearing of July 26, plaintiff stated, among other things, that a confusion in the mail existed because of a dissolution of the partnership of which his attorney was a member, and that his attorney was out of the State on vacation at the time of the hearing. The master then consented to reopen the hearings, and set August 17, 1951, as the date for plaintiff to present evidence. On August 17, 1951, and from time to time thereafter, plaintiff requested and obtained continuances. On June 13, 1952, plaintiff having failed to present any evidence, the master filed his report at the request of defendants.

It is clear that plaintiff was not entitled to a re-reference in this case. After the cause had been pending before the master for so long a time, nothing but the most urgent necessity for the attainment of justice between the parties could warrant its reopening. (See *Oliver* v. *Wilhite,* 201 Ill. 552, 565.) Upon plaintiff's own showing no sufficient reason is given for the failure to come forth with evidence during the period of more than ten months after the master had once reopened the hearing at plaintiff's request. Regardless of the nature of his evidence plaintiff was not entitled to a reopening under such circumstances. *Seely* v. *Board of Education,* 315 Ill. 186, 196.

In addition, no showing whatever was made that any such evidence would have materially affected the result if the same had been heard and considered. Even without the long period of inaction by plaintiff, an absence of such a showing would be sufficient to warrant denial of the motion. (See *Matthews* v. *Whitethorn,* 220 Ill. 36.) There is nothing in the record to indicate an offer of material proof at the time of making the motion for re-reference, nor is the nature of such evidence, if any exists, referred to in plaintiff's briefs in this court. During the entire period of ten months plaintiff had full opportunity to

secure and produce the evidence, if any, which he now wants heard on a re-reference, and there is no contention that it was not then available to him. The inference is clearly warranted that his failure to present additional evidence to sustain his case was caused by the fact that no such evidence exists.

Certainly, the law imposes upon a plaintiff the duty of exercising some diligence in looking after the prosecution of his own case. Where a party makes no effort to introduce proof before the master, and fails to show any excuse for failing to appear with such proof at the hearing, the court is clearly justified in refusing to order a re-reference (*Rudgear* v. *United States Leather Co.* 206 Ill. 74; *Whiteside* v. *Pulliam,* 25 Ill. 257.) The order of the circuit court, overruling the motion to vacate, is correct.

It is next insisted that defendants' evidence is insufficient to show title by adverse possession. There is no merit in the contention. The testimony shows that since prior to 1915 defendant Van Straaten and his predecessors in title have been in the visible possession of the land in controversy, and have so occupied it under claim of ownership in connection with the property adjoining it on the north, to which they successively held the record title. Since prior to 1915 there has been a fence along the southerly line of the land in dispute, separating it from the land of which plaintiff was in possession. The fence is now in a dilapidated condition but remnants of it can still be seen. In 1945 a plat known and described as an Industry Owners Plat was prepared pursuant to an agreement among the local property owners, and for the purpose of selling the properties. On that plat, which was introduced in evidence, the property of defendant is shown as Lot 4 and that of the plaintiff is shown as Lot 5. The line separating the two lots bears the legend: "This line is along the line of a fence that existed at the time of a survey made by us in March, 1924. The stakes of that survey were found.

Remains of old fence still in evidence." Since before 1915 the industrial plant of defendant has been located on Lot 4, and the industrial plant of plaintiff has occupied Lot 5; and to the knowledge of the witness, who had worked in the vicinity since 1915, no person for a period of thirty years had ever questioned the property line as being located along the fence.

Plaintiff argues that the proof is deficient because it fails to disclose that defendants' possession was under a claim of ownership. Proof of oral claims is not essential. It is enough that the claimant prove he so acted that it showed he claimed the title. (*Leonard* v. *Leonard,* 369 Ill. 572.) Using and controlling property as an owner is the ordinary mode of asserting a claim of title, and it is the only way a claim of title could be proved in many cases.

Plaintiff argues further that the record fails to contain any clear and unequivocal proof of possession by defendant. It sufficiently appears, however, that the latter's possession was as full as the character of the land would permit. The acts required to constitute adverse possession are necessarily varied, depending upon the nature, locality and use to which the property may be applied. Such acts of dominion over the land as will indicate, to persons residing in the immediate neighborhood, who has the exclusive management and control of the land are sufficient to constitute possession. A fence is notice of actual occupancy. (*Chicago Title and Trust Co.* v. *Darley,* 363 Ill. 197.) Without reviewing the evidence in detail, it is sufficient to say it adequately supports the decree.

No error has been shown on this appeal, and the decree of the circuit court will therefore be affirmed.

*Decree affirmed.*